UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. <u>00-6063-CR-FERGUSON(s)</u>
18 U.S.C. §371
26 U.S.C. §7206(1)
26 U.S.C. §7206(2)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARC FREEDMAN and
IAN GEORGE HARRIS

    Defendants.
_____/



## **SUPERCEDING INDICTMENT**

The Grand Jury charges that:

### COUNT 1

1. From at least as early as on or about February 2, 1992, through on or about April 15, 1996, the exact dates being unknown, at Broward, Dade and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

MARC FREEDMAN
and
IAN GEORGE HARRIS,

1



did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury to defraud the United States by attempting to impede, impair, obstruct and defeat the lawful governmental functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of revenue: to wit, income taxes.

### PERSONS AND ENTITIES

At all times relevant to the indictment:

2. Defendant MARC FREEDMAN was a resident of Broward County, Florida and the president and sole shareholder of Pearl Jewelers, Inc.

3. Pearl Jewelers, Inc., was a Florida corporation, formed in 1982 by defendant MARC FREEDMAN with a store located in Fort Lauderdale, Broward County, Florida. Pearl Jewelers, Inc., also had a booth located in the International Jewelry Exchange in Boca Raton, Palm Beach County, Florida. Pearl Jewelers, Inc. was a jewelry business dealing primarily in new and used wrist watches.

4. Defendant IAN GEORGE HARRIS was a resident of Broward County, Florida and an employee of Pearl Jewelers, Inc.

### OBJECT OF THE CONSPIRACY

5. It was the object of the conspiracy that the defendants and others known and unknown to the Grand Jury, would endeavor to impede and impair the Internal Revenue Service in the ascertainment, computation, assessment and collection of federal income taxes by diverting, skimming and concealing Pearl Jewelers, Inc's. corporate income.

## MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

6. It was part of the conspiracy that the defendants, MARC FREEDMAN and IAN GEORGE HARRIS, would ask Pearl Jewelers, Inc. customers to pay for Pearl Jewelers, Inc. inventory with checks written to themselves and other employees personally, rather than to the corporation.

7. It was further part of the conspiracy that MARC FREEDMAN and IAN GEORGE HARRIS would cash the checks at the maker's bank and MARC FREEDMAN would retain the cash, often storing it in safe deposit boxes.

8. It was further part of the conspiracy that MARC FREEDMAN would deposit checks for the sale of Pearl Jewelers, Inc. inventory made payable to MARC FREEDMAN or cash into either his personal or joint bank account that he shared with his mother.

9. It was further part of the conspiracy that IAN GEORGE HARRIS would deposit checks for the sale of Pearl Jewelers, Inc. inventory made payable to IAN GEORGE HARRIS or cash into his personal bank account.

10. It was further part of the conspiracy that MARC FREEDMAN deposited very little cash into the corporate checking account. The amount of cash deposited in the Pearl Jewelers, Inc. corporate bank account amounted to less than two percent of Pearl Jewelers, Inc. annual gross receipts or sales as reflected in the corporate tax returns.

11. It was further part of the conspiracy that MARC FREEDMAN would purchase large ticket personal items using Pearl Jewelers, Inc. inventory and cash obtained from the sale of Pearl Jewelers, Inc. inventory.

12. It was further part of the conspiracy that MARC FREEDMAN, in order to conceal Pearl Jewelers, Inc's. income and his own true tax liability, would fail to adequately record and maintain business records.

13. It was further part of the conspiracy that MARC FREEDMAN would file false Forms 1040, United States Individual Income Tax Returns, by failing to report the diverted and skimmed income he received.

14. It was further part of the conspiracy that IAN GEORGE HARRIS would file false Forms 1040, United States Individual Income Tax Returns, by failing to report the diverted and skimmed income he received.

15. It was further part of the conspiracy that MARC FREEDMAN would file false Form 1120S, United States Corporate Income Tax Returns for an S Corporation for Pearl Jewelers, Inc.

### OVERT ACTS

16. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed within the Southern District of Florida and elsewhere:

A. On or about February 2, 1992, MARC FREEDMAN paid $75,000 in cash, $23,165 in a cashier's check and the trade of a 1980 Ferrari 308 for a $135,665 1991 Ferrari Testarosa.

B. On or about February 2, 1992, MARC FREEDMAN requested that title to the 1991 Ferrari Testarosa be placed in his 77-year-old mother's name.

4

C. On or about March 31, 1992, IAN GEORGE HARRIS requested a Pearl Jewelers, Inc. customer who purchased a "Gentleman's" gold Rolex watch to make a check payable in the amount of $4,000 to IAN GEORGE HARRIS personally.

D. On or about April 1, 1992, IAN GEORGE HARRIS cashed a $4,000 check at the maker's bank.

E. On or about August 3, 1992, MARC FREEDMAN purchased a 1991 Isuzu Trooper for $8,000 in cash and a Rolex watch.

F. On or about August 3, 1992, MARC FREEDMAN requested that the Isuzu Trooper be titled in his mother's name.

G. Between September 9, 1992 and September 11, 1995, IAN GEORGE HARRIS directed at least two Pearl Jewelers, Inc. customers to write 23 checks, totaling in excess of $100,000 to himself personally for Pearl Jewelers, Inc. inventory.

H. Between September 9, 1992 and September 11, 1995, IAN GEORGE HARRIS cashed checks received from at least two Pearl Jewelers, Inc. customers at the makers' banks.

I. Between January 1, 1993 and December 31, 1995, IAN GEORGE HARRIS received in excess of $50,000 in checks written to him personally by Pearl Jewelers, Inc. customers for Pearl Jewelers, Inc. inventory.

J. Between January 1, 1993 and December 31, 1995, IAN GEORGE HARRIS deposited into his personal account, in excess of $50,000 in checks written to him personally by Pearl Jewelers, Inc. customers for Pearl Jewelers, Inc. inventory.

K.  On or about October 18, 1993, IAN GEORGE HARRIS requested a Pearl Jewelers, Inc. customer who purchased a Rolex gold Presidential watch to make the check payable in the amount of $8,800 to IAN GEORGE HARRIS personally.

L. On or about October 19, 1993, IAN GEORGE HARRIS cashed a $8,800 check at the maker's bank.

M.  On or about December 6, 1993, MARC FREEDMAN requested a Pearl Jewelers, Inc. customer purchasing a used Rolex watch to make the check payable in the amount of $2,250 to MARC FREEDMAN personally.

N. On or about December 6, 1993, MARC FREEDMAN caused a check for $2,250 to be deposited into the joint bank account he shared with his mother.

O.  On or about December 14, 1993, MARC FREEDMAN requested that the customer set forth in paragraph M, who traded the used Rolex watch for a new ladies Rolex watch plus $450, make the check in the amount of $450 payable to MARC FREEDMAN personally.

P. On or about December 20, 1993, MARC FREEDMAN caused a check for $450 to be deposited into the joint bank account he shared with his mother.

Q. On or about December 22, 1994, MARC FREEDMAN and IAN GEORGE HARRIS sold to a Pearl Jewelers, Inc. customer Rolex watches at the Pearl Jewelers, Inc. store in Fort Lauderdale, Florida for $16,100.

R. On or about December 22, 1994, MARC FREEDMAN directed the customer set forth in paragraph Q, to pay for the Rolex watches with two cashier's checks; one made payable to MARC FREEDMAN and the other made payable to IAN GEORGE HARRIS.

S. On or about December 26, 1994, IAN GEORGE HARRIS cashed a cashier's check he received on December 22, 1994.

T. On or about January 3, 1995, MARC FREEDMAN cashed a cashier's check he received on December 22, 1994.

U. On or about August 15, 1995, MARC FREEDMAN requested a Pearl Jewelers, Inc. customer who purchased Pearl Jewelers, Inc. inventory to make the check payable in the amount of $1,150 to MARC FREEDMAN personally.

V. On or about August 22, 1995, MARC FREEDMAN cashed a $1,150 check at his personal bank.

W. On or about November 14, 1995, IAN GEORGE HARRIS requested a Pearl Jewelers, Inc. customer who purchased a "lot" of watches to make the check payable in the amount of $3,650 to IAN GEORGE HARRIS personally.

X. On or about November 16, 1995, IAN GEORGE HARRIS cashed the $3,650 check at the maker's bank.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about March 1, 1994, at Broward County, in the Southern District of Florida, the defendant,

MARC FREEDMAN,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Corporate Income Tax Return for an S Corporation, Form 1120S, for Pearl Jewelers, Inc. for the calendar year ending December 31, 1993, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120S he did not believe to be true and correct as to every material matter in that the defendant reported on line 1c, gross receipts or sales of $696,643, whereas, as he then and there well knew and believed, the gross receipts and sales for Pearl Jewelers, Inc., was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 3

On or about April 15, 1994, at Broward County, in the Southern District of Florida, the defendant,

MARC FREEDMAN,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Individual Income Tax Return Form 1040 for the calendar year ending December 31, 1993, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 23 of said Form 1040 that he had total income of $30,729 for the calendar year 1993, whereas, as he then and there well knew and believed, the total income was substantially

in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 4

On or about February 14, 1995, at Broward County, in the Southern District of Florida, the defendant,

**MARC FREEDMAN,**

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Corporate Income Tax Return for an S Corporation, Form 1120S, for Pearl Jewelers, Inc. for the calendar year ending December 31, 1994, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120S he did not believe to be true and correct as to every material matter in that the defendant reported on line 1c gross receipts or sales of $693,666, whereas, as he then and there well knew and believed, the gross receipts and sales was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 5

On or about August 31, 1995, at Broward County, in the Southern District of Florida, the defendant,

**MARC FREEDMAN,**

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Individual Income Tax Return Form 1040 for the calendar year ending December 31, 1994, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 22 of said Form 1040 that he had total income of $31,961 for calendar year 1994, whereas, as he then and there well knew and believed, the total income was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 6

On or about February 23, 1996, at Broward County, in the Southern District of Florida, the defendant,

## MARC FREEDMAN,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Corporate Income Tax Return for an S Corporation, Form 1120S, for Pearl Jewelers, Inc., for the calendar year ending December 31, 1995, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1120S he did not believe to be true and correct as to every material matter in that the defendant reported on line 1c gross receipts or sales of $828,414, whereas, as he then and there well knew and believed, the gross receipts and

sales was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 7

On or about April 15, 1996, at Broward County, in the Southern District of Florida, the defendant,

### MARC FREEDMAN,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Individual Income Tax Return Form 1040 for the calendar year ending December 31, 1995, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 22 of said Form 1040 that he had total income of $24,356 for calendar year 1995, whereas, as he then and there well knew and believed, the total income was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 8

On or about April 15, 1994, at Broward County, in the Southern District of Florida, the defendant,

### IAN GEORGE HARRIS,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Joint Income Tax Return Form 1040 for the calendar year ending December 31, 1993, which was verified by a written declaration that it was made under the penalties of perjury

and was filed with the Internal Revenue Service, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 23 of said Form 1040 that he had total income of $40,201, whereas, as he then and there well knew and believed, the total income was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 9

On or about April 15, 1995, at Broward County, in the Southern District of Florida, the defendant,

## IAN GEORGE HARRIS,

a resident of Fort Lauderdale, Florida, did willfully make and subscribe to a United States Joint Income Tax Return Form 1040 for the calendar year ending December 31, 1994, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said Form 1040 he did not believe to be true and correct as to every material matter in that the defendant reported on line 22 of said Form 1040 that he had total income of $39,289, whereas, as he then and there well knew and believed, the total income was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 10

On or about April 15, 1996, at Broward County, in the Southern District of Florida, the defendant,

IAN GEORGE HARRIS,

a resident of Fort Lauderdale, Florida, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a United States Joint Income Tax Return Form 1040 of the defendant for the calendar year ending December 31, 1995, which was false and fraudulent as to a material matter in that the defendant reported on line 22 of said Form 1040 that his total income was $40,175, whereas, as he then and there well knew and believed, the total income was substantially in excess of the amount reported.

In violation of Title 26, United States Code, Section 7206(2).

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
LYNN D. ROSENTHAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NO.    00-6063-CR-FERGUSON(s)

v.                              **CERTIFICATE OF TRIAL ATTORNEY***

MARC FREEDMAN                   **Superseding Case Information**:

**Court Division**: (Select One)     New Defendant(s)       Yes ___   No X___
                                     Number of New Defendants
___ Miami   ___ Key West             Total number of counts       10
X__ FTL     ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:         (Yes or No) NO
   List language and/or dialect _____

4. This case will take  7  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days    ___            Petty    ___
   II   6 to 10 days    X             Minor    ___
   III  11 to 20 days  ___            Misdem.  ___
   IV   21 to 60 days  ___            Felony    X
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) YES
   If yes:
   Judge: FERGUSON             Case No. 00-6063-CR-FERGUSON
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) NO

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999? X Yes ___ No   If yes, was it pending in the Central Region? X Yes ___ No

                                LYNN D. ROSENTHAL
                                ASSISTANT UNITED STATES ATTORNEY
                                Florida Bar No. 343226

*Penalty Sheet(s) attached                              REV.4/7/99

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant Name: **MARC FREEDMAN**        Case No. __00-6063-CR-FERGUSON(s)__

Count #: 1

Conspiracy to evade income taxes

18 U.S.C. §371

**\*Max. Penalty: 5 years' Imprisonment; and $250,000 fine.**

Count #: 2-7

Filing false income tax return

26 U.S.C. 7206(1)

**\*Max. Penalty:   3 years' Imprisonment; and $250,000 fine together with the cost of prosecution**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

   **\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable**

10/9/98

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant Name:** IAN GEORGE HARRIS          **Case No.** 00-6063-CR-FERGUSON(s)

Count #: 1

Conspiracy to evade income taxes

18 U.S.C. §371

*Max. Penalty: 5 years' Imprisonment; and $250,000 fine.

Count #: 8 & 9

Filing false income tax return

26 U.S.C. 7206(1)

*Max. Penalty:   3 years' Imprisonment; and $250,000 fine together with the cost of prosecution

Count #: 10

 Aiding or assisting in the filing of a false income tax return

 26 U.S.C 7206 (2)

*Max. Penalty: 3 years' Imprisonment; and $250,000 fine together with the cost of prosecution

Count #:


*Max. Penalty:

Count #:


*Max. Penalty:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable

10/9/98