UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.:  00-6063-CR

Plaintiff,

JUDGE:     FERGUSON

v.

**MOTION FOR RETURN OF PROPERTY**

MARC FREEDMAN

Defendant
_____/

COMES NOW the Defendant, MARC FREEDMAN, by and through his undersigned attorney, and files this his Motion for Return of Property and states as follows:

1. On September 25, 1996, the Defendant, MARC FREEDMAN, in response to an Internal Revenue Service Administrative Summons, as Custodian of the Records of Pearl Jewelers, Inc., a Florida Corporation, surrendered to Internal Revenue Service Special Agent, Karl Voelker, six (6) boxes of corporate records. Attached hereto as Exhibit A is a copy of the Internal Revenue Service Administrative Summons, and attached hereto as Exhibit B is a copy of the document receipt reflecting the production of said records to Agent Voelker.

2. In March, 2000, the Defendant, MARC FREEDMAN, was indicted and charged with a Conspiracy to Defraud the United States, as well as six (6) counts of a violation of Title 26 United States Code Section 7206(1).

3. The United States of America has had in its continuous possession, for its examination and copying, all six (6) boxes of these records for 3 ½ years. These documents are, in fact, vital to the preparation of the defense in this cause and constitute defense exhibits.

4.     The United States of America has refused to return to MARC FREEDMAN the aforementioned records for the preparation of the defense in this cause. The United States has offered to provide the Defendant with limited access to his own records and/or alternatively copies of the aforementioned records at the Defendant's cost.

5.     To the extent that the six (6) boxes of corporate records are the property of the Defendant, and to the extent that these records are defense exhibits, it is the position of the Defendant that he should be entitled to immediate possession of said records for the preparation of his defense. It is respectfully submitted that the Defendant should not be compelled to pay thousands of dollars for copies of his own records, particularly in light of the fact that the government has had continuous possession of them and the ability to make its own copies, for 3 ½ years.

6.     The aforementioned corporate records are not grand jury exhibits nor have they been introduced into evidence in any court proceeding. These records are solely in the possession of the government as a result of the Defendant's compliance with an Administrative Summons 3 ½ years ago.

7.     Title 26 United States Code Section 7205 provides that "... the time and place of examination pursuant to the provisions of Section 7206 shall be such time and place as may be fixed by the secretary and as are reasonable under the circumstances". To the extent that the United States has had 3 ½ years to make its examination, it is respectfully submitted that such time has been "reasonable under the circumstances". The Defendant now needs his access to those same original records for purposes of preparing his defense.

8.     The Defendant has no objection to the government making its own set of

copies of said records and the Defendant further agrees to maintain said original records in their original and intact condition should the government desire to subpoena and/or introduce said records in the trial of this cause.

WHEREFORE, it is respectfully requested that this Honorable Court enter an order directing the United States of America to return to the Defendant his own records as reflected on Exhibit 2.

> PETER D. AIKEN/ FBN:133253
> Attorney for Defendant
> 1209 S.E. 3rd Avenue
> Ft. Lauderdale, FL 33316
> Telephone:  (954) 462-4600
> Telefax:    (954) 462-0828

## CERTIFICATION

I HEREBY CERTIFY that I have conferred with Lynn Rosenthal, Assistant U.S. Attorney, 299 E. Broward Blvd., Ft. Lauderdale, Florida in connection with the above styled motion. The parties have been unable to agree. It is the position of the United States of America that the Defendant can either come to the United States Attorney's Office and examine the original records and/or pay for copies thereof. It is the position of the Defendant that he should be entitled to his own original records for use as defense exhibits. Accordingly, the parties are not in agreement.

I HEREBY CERTIFY that a copy of the foregoing Motion for Return of Property has been furnished by U.S. Mail to Assistant United States Attorney, Lynn Rosenthal, 299 E. Broward Blvd., Ft. Lauderdale, Florida , and E. David Rosen, Attorney for Ian George Harris, 2400 South Dixie Highway, #105, Miami, Florida 33133, this ___ day of April, 2000.

> PETER D. AIKEN

# Summons

**Department of the Treasury**
**Internal Revenue Service**

In the matter of __MARC FREEDMAN__

Internal Revenue District of __SOUTH FLORIDA__ Periods __1992, 1993, 1994, 1995__

The Commissioner of Internal Revenue
To __Custodian of Records__
__Pearl Jewelers, Inc.__
__2900 E. Commercial Blvd.__
At __Ft. Lauderdale, FL 33308__

You are hereby summoned and required to appear before __Special Agent Karl Voelker, or another designated agen__ an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

SEE ATTACHED

Business address and telephone number of Internal Revenue Service officer named above:
__7771 W. Oakland Park Blvd., Suite 231, Sunrise, FL 33352  (954) 746-1902__

Place and time for appearance:

at __7771 W. Oakland Park Blvd., Suite 231, Sunrise, FL 33351__

on the _____ day of _____, 19__ at ___ o'clock __ m.

Issued under authority of the Internal Revenue Code this ___ day of _____, 19__

_____
Signature of Issuing Officer

**Special Agent**
Title

_____
Signature of Approving Officer (if applicable)

**Group Manager**
Title



Part C—To be given to noticee

Form 2039 (Rev. 02-94)

# ATTACHMENT TO SUMMONS

Records of Pearl Jewelers, Inc., for the periods 1/1/91 through 12/31/95 to include, but not limited to:

1. Bank statements and canceled checks

2. Copies of W-2's and 1099's issued

3. Copies of 941's and 940's

4. General ledgers and subsidiary ledgers

5. Accountant's trial balance, adjusting journal entries and workpapers

6. Sales and purchase invoices

7. Chart of accounts

8. Depreciation sheets

9. Beginning and ending inventory records

10. Corporate minute book and stock certificate book

11. Retained copies of 1120S returns, including workpapers used to prepare returns

12. Capital account records including distributions, dividends, additions and subtractions to support Shareholder's basis in corporation

13. Any other documentation to include memoranda, correspondence, record of contact or letter of engagement retained as a part of your client file on Pearl Jewelers, Inc.

14. Record of all payments made to you or your company during the period above, including date, method of payment, and service provided

### Sec. 7609. Special procedures for third-party summonses.

(a) Notice—
  (1) In General.—If—
    (A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and
    (B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,
  then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b) (2) to bring a proceeding to quash the summons.
  (2) Sufficiency of notice.—Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
  (3) Third-party recordkeeper defined.—For purposes of this subsection, the term "third-party recordkeeper" means—
    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c) (14) (A)),
    (B) any consumer reporting agency (as defined under section 603 (d) of the Fair Credit Reporting Act (15 U.S.C. 1681 a (f)));
    (C) any person extending credit through the use of credit cards or similar devices;
    (D) any broker (as defined in section 3 (a) (4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c (a) (4))),
    (E) any attorney,
    (F) any accountant;
    (G) any barter exchange (as defined in section 6045(c)(3)); and
    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof.
  (4) Exceptions.—Paragraph (1) shall not apply to any summons—
    (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person,
    (B) to determine whether or not records of the business transactions or affairs of an identified person have been made or kept, or
    (C) described in subsection (f).
  (5) Nature of summons.—Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c) (2) (B)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to Intervene; Right to Proceeding to Quash.
  (1) Intervention.—
  Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
  (2) Proceeding to quash.—
    (A) In general.—Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a) (2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
    (B) Requirement of notice to person summoned and to secretary.—If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a) (1)
    (C) Intervention; etc.—Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to Which Section Applies.—
  (1) In General.—Except as provided in paragraph (2), a summons is described in this subsection if it is issued under paragraph (2) of section 7602 (a) or under section 6420 (e) (2), 6421(g)(2), or 6427 (j) (2) (or 6427 (i) (2) for gasoline removed before January 1, 1988) and requires the production of records.
  (2) Exceptions.—A summons shall not be treated as described in this subsection if—
    (A) it is solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in subsection (a)(3)(A), or
    (B) is issued to collect—
      (i) the liability of any person against whom an assessment has been made or judgment rendered, or
      (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).
  (3) Records; Certain Related Testimony.—For purposes of this section—
    (A) the term "records" includes books, papers, or other data, and
    (B) a summons requiring the giving of testimony relating to records shall be treated as a summons requiring the production of such records.

(d) Restriction on Examination of Records.—No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made—
  (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a) (2), or
  (2) where a proceeding under subsection (b) (2) (A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b) (2) (B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations.—
  (1) Subsection (b) Action.—If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
  (2) Suspension after 6 months of service of summons.—In the absence of the resolution of the third-party recordkeeper's response to the summons described in subsection (c), or the summoned party's response to a summons described in subsection (f), the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued other (other than a person taking action as provided in subsection (b)) shall be suspended for the period—
    (A) beginning on the date which is 6 months after the service of such summons, and
    (B) ending with the final resolution of such response.

(f) Additional Requirement in the Case of a John Doe Summons.— Any summons described in subsection (c) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that—
  (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
  (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
  (3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special Exception for Certain Summonses.—In the case of any summons described in subsection (c), the provisions of subsections (a) (1) and (b) shall not apply if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of District Court; Etc.—
  (1) Jurisdiction.—The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b) (2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
  (2) Special rule for proceedings under subsections (f) and (g).—The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of Third-Party Recordkeeper.—
  (1) Recordkeeper must assemble records and be prepared to produce records.— On receipt of a summons described in subsection (c), the third-party recordkeeper shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
  (2) Secretary may give recordkeeper certificate.—The Secretary may issue a certificate to the third-party recordkeeper that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
  (3) Protection to recordkeeper who discloses.—Any third-party recordkeeper, or agent or employee thereof, making a disclosure of records pursuant to this section in good-faith reliance on the certificate of the Secretary or an order of a court requiring production of records shall not be liable to any customer or other person for such disclosure.
  (4) Notice of suspension of statute of limitations in the case of a John Doe summons.—In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

Form 2039 (Rev. 02-94)

| Form **2725** (Rev. February 1981) | Department of the Treasury - Internal Revenue Service **Document Receipt** |
|---|---|

**1. DOCUMENTS SUBMITTED IN RE:** Summons – Pearl Jewelers, Inc.

**2. DISTRICT:** Ft. Lauderdale

**3. DATE:** 9/25/96

**4. SUBMITTED BY:** Peter Aiken – Marc Freedman

**5. PLACE OF SUBMISSION:** 7771 W. Oakland Park Blvd, Ft. Laud., FL

**6. I ACKNOWLEDGE RECEIPT OF THE FOLLOWING DOCUMENTS SUBMITTED IN AN OFFICIAL MATTER:**

① 5 expando folders – Sales slips for 1991–1995 Pearl Jewelers, Inc.

② 1 blue file with payroll records Pearl Jewel[ers]

③ 1 box bank records 1992–1995 Pearl Jewelers

④ 1 box with 4 expando folders paid bills 1992–1995 Pearl Jewelers, Inc.

⑤ General Ledgers for Pearl Jewelers 1992–1995

⑥ 1991 expando folder paid bills Pearl Jewelers, In[c]

**7A. RECEIVED BY (Signature):** Karl Voelker

**7B. ADDRESS:** 7771 W. Oakland Blvd. Ft. Lau[d]

**7C. TITLE:** S/A

**7D. PHONE NO.:** (954) 746-1962

**8A. ACCOMPANIED BY (Signature):** Martha Rudner

**8B. TITLE:** Special Agent

**9. Acknowledgment of return of documents**

The above documents were returned to me as indicated at right →

EXHIBIT B

Form 2725 (Part 2) (Rev. 2-81)