UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO.:   00-6063-CR

    Plaintiff,                          JUDGE:      FERGUSON

v.                                **MOTION FOR BILL OF PARTICULARS AND MEMORANDUM OF LAW**

MARC FREEDMAN

    Defendant
_____/

COMES NOW the Defendant, MARC FREEDMAN, by and through his undersigned attorney, and files this his Motion for A Bill of Particulars and Memorandum of Law and states as follows:

.      The Defendant is charged in seven of ten counts of a multi-count indictment along with the co-defendant Ian George Harris.  In Count I, the Defendant is charged with a Conspiracy to Defraud the U.S. of America (a Klein Conspiracy).  In Counts II, IV and VI, the Defendant is charged with Subscribing to a False Tax Return for Pearl Jewelers, Inc., an 1120S Corporation, for the calendar years 1993, 1994, and 1995.  In Counts III, V and VII, the Defendant is charged with Subscribing to a False Personal Income Tax Return, Form 1040 for each of the calendar years 1993, 1994 and 1995.  In each of Counts II - VII, the government uses the term "substantially in excess" in comparing the income reported on the returns with the alleged true income.  To the extent that said term is vague, ambiguous and subject to interpretation, the Defendant respectfully requests that this court direct the government respond to a Bill of Particulars and respond to the following;

    a)      As to Count II, state the amount of alleged unreported gross receipts for Pearl Jewelers, Inc.

b)      As to Count IV, state the amount of under-reported gross receipts for Pearl Jewelers, Inc.

c)      As to Count VI, state the amount of under-reported gross receipts as to Pearl Jewelers, Inc.

d)      As to Count III, state the amount of under-reported "total income" for the 1993 1040.

e)      As to Count V, state the amount of under-reported "total income" as to the 1040

f)      As to Count VII, state the amount of under-reported "total income" as to the 1040.

g)      As to each of Counts II - VII, state and identify, with particularity, those specific items of income that allegedly are not reported on the corporate and personal returns of Pearl Jewelers, Inc., and Marc Freedman for each of the years in question.

## MEMORANDUM OF LAW

The Defendant is seeking an order from this court compelling the U.S. of America to provide a Bill of Particulars basically simply identifying the amount of under-reported gross receipts and total income.  The government in this cause has simply alleged that the true gross receipts and true total income "substantially" exceed reported income.  To the extent that the term "substantial" is subject to interpretation, it is impossible for the Defendant to adequately prepare a defense without, at a bare minimum, being advised of the amount of income that the government alleges is unreported.

The parties in this cause have met at a discovery conference and have discussed this issue.  It is believed that it is the government's position that the government does not

have to state, with any particularity, the amount of omitted income or, for that matter, identify the omitted income. The government's position, as stated by Assistant United States Attorney, Lynn Rosenthal, is that any sale of an inventory item, from the inventory of Pearl Jewelers, Inc., that is not deposited into the bank account of Pearl Jewelers, Inc., constitutes an omitted sale and consequently, an omitted gross receipt. Assistant United States Attorney, Lynn Rosenthal, has further represented that with respect to any deposit item that appeared in the bank account of George Harris, that is, from the sale of an inventory item of Pearl Jewelers, is in fact, omitted income as to George Harris. The government has further represented that it is their position that any deposit to the personal bank account of either Marc Freedman or his now deceased mother, Pearl Freedman, that represents the sale of a jewelry item, is an un-reported gross receipt of Pearl Jewelers, Inc. The position asserted by the United States of America is therefore inconsistent and it is impossible for the Defendant to determine which items the government claims are gross receipts to Pearl Jewelers, Inc., and which items are deemed to be "total income" to Marc Freedman, individually.

The Defendant, throughout the review process of this case, has repeatedly asked the government to identify which specific items the government asserts constitute un-reported income. Even after indictment, the government's position is that the Defendant should know what is un-reported. It is impossible for the Defendant to adequately prepare a defense in this cause unless the government will identify, with some particularity, which items are deemed to be income as to the corporation, and which items are deemed to be income to both Marc Freedman and George Harris, individually. For example, if it is alleged that George Harris, an employee of Pearl Jewelers, Inc., made a sale of an

inventory item of Pearl Jewelers, Inc., and diverted it to his personal bank account, then and in that event, it would not constitute a receipt to the corporation, but rather would constitute a receipt only to George Harris. Additionally, if, in fact, an inventory item was sold by George Harris and he converted the money personally, then the corporation would have an additional deduction and not additional income. The government's refusal to identify with any specificity which income item is attributable to which party renders it impossible for the Defendant to reasonably and adequately prepare a defense. There is absolutely no reason why the government should not be compelled to tell a Defendant which items are deemed to be omitted income as to which party.

A Bill of Particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the Defendant's ability to prepare his defense and/or is likely to lead to prejudicial surprise. U.S. v. Giampa, Dep 904 F.Supp. 235 (DNJ 1995). Whether or not this court should grant the Motion for a Bill of Particulars is a matter that lies within the sound discretion of the court. U.S. v. Walker, 922 F.Supp. 732 (NDNY 1996); U.S. v. Sims, 808 F.Supp. 607 (NDILL 1992).

To the extent that the gross receipts reported on the corporate return in this case, in each year, exceeded $600,000 and, to the extent that it is impossible to determine what the government means by "substantial", it is respectfully submitted that to avoid surprise and to allow the Defendant an opportunity to prepare an adequate defense, the government should identify, with particularity, the omitted income. Since the term "substantial" is not defined by the government, the government may well be taking the position that as little as one or two sales may be "substantial". In this case, the U.S. of America has provided to the Defendant, by way of discovery, photocopies of deposit items

deposited to the personal bank account of both the Defendant, Pearl Freedman, and George Harris. Many of the items deposited to the bank account of Marc and Pearl Freedman are endorsed by Pearl Freedman. It is impossible for the Defendant to know, at this point, whether or not he is defending against an income item that should properly be attributed to an unindicted individual.

The Defendant is not using the Bill of Particulars as a general investigative tool for a defense. All the Defendant requests is that the government be compelled to state the amount of income allegedly omitted and to identify with some particularity, which items are deemed to be omitted income.

The Defendant and the U.S. of America has attempted to resolve this issue in good faith, but have been unable to reach an agreement.

WHEREFORE, it is respectfully requested that this Honorable Court conduct a brief hearing on this motion, receive argument and thereafter enter an order granting the Defendant's Motion.

## CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Motion has been furnished by U.S. Mail to Assistant United States Attorney, Lynn Rosenthal, 299 E. Broward Blvd., Ft. Lauderdale, Florida , and E. David Rosen, Attorney for Ian George Harris, 2400 South Dixie Highway, #105, Miami, Florida 33133, this 21 day of April, 2000.

PETER D. AIKEN
Attorney for Defendant
1209 S.E. 3rd Avenue
Ft. Lauderdale, FL 33316
FBN: 133253
(954) 462-4600
(954) 462-0828