UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARC FREEDMAN and<br>IAN GEORGE HARRIS,<br><br>Defendants. | CASE NO.00-6063-CR-FERGUSON(s)<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY** |

The United States of America opposes defendant Marc Freedman's motion for return of property, and in support thereof states as follows:

1. During the pendency of an Internal Revenue Investigation, Marc Freedman provided requested corporate documents for Pearl Jewelers Inc., pursuant to an IRS summons. Those documents have remained in the custody and possession of the Internal Revenue Service since approximately 1996. In March 2000, after at least one year's notice of the ongoing investigation, Marc Freedman was indicted along with a co-defendant on various federal tax violations. Much of the evidence of the indicted charges comes from the Pearl Jewelers Inc. corporate documents in the custody and possession of the Internal Revenue Service.

2. The defendant requests a return of the evidence prior to the completion of the



criminal matter, presumably under Federal Rule of Criminal Procedure 41 (e). However, it appears that what the defendant is truly requesting are free copies of discovery.

2. The government has complied with the Standing Discovery Order by making the documentary discovery available to the defendants. That order provides in pertinent part:

> The Government shall permit the defendant(s) to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known to the Government...
> 5. Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the Government intends to use as evidence at trial to prove its case in chief, or *were obtained or belonging to the defendant(s)*. (Emphasis provided)

3. The defendant, who testified before this Court that he is worth in excess of $900,000, is seeking a court order requiring the government to provide himself and his co-defendant with copies of corporate records which would cost approximately $2,000.

4. Under Eleventh Circuit precedent, the defendant is not entitled to the return of the corporate documents pursuant to Rule 41 (e) or free copies as part of discovery.

<u>Rule 41(e)</u>

Rule 41(e) of the Federal Rules of Criminal Procedure is apparently the authority by which the defendant seeks return of the evidence provided to the IRS pursuant to the IRS summons. However, that Rule limits implementation to "persons aggrieved by an unlawful search and seizure or by the deprivation of property." Moreover, the Rule goes on to state "If the motion for return of property is made or comes on for hearing...after an indictment or information is filed, it shall be treated also as a motion to suppress under

Rule 12." See Simons v United States 592 F.2d 251 (5th Cir. 1979) In this case, the documents the defendant is seeking are now evidence in the criminal matter. There is no dispute as to the government's right to use the documents. Therefore, the application of Rule 41(e) to obtain the documents is inappropriate.

Free Copies of Documents

The defendant also has limited legal authority to request a court order seeking free copies of discovery. Rule 16 of the Federal Rules of Criminal Procedure provides that the Government "shall permit the defendant to inspect and copy". Nowhere in Rule 16 or the local rules is there a requirement for the government to provide free copies to a non-indigent criminal defendant. See United States v. Smith 317 F.Supp. 672 (M.D.N.C. 1973) and Madge v. United States 1995 WL 313653 (D.Minn. 1995).

In United States v. Freedman, 688 F.2d 1364, 1366 (11th Cir. 1982) the Court reversed the district court's order that the government provide copies of discovery and held:

> An examination of the express language contained in Rule 16 necessarily directs the conclusion that the Rule does not require the government to copy or otherwise expend government funds in order to supply criminal defendants with their requested material. Rule 16 gives the defendants access to the documents so that they may copy the documents should they desire to do so. Although Rule 16 does not mandate that the government supply the defendants with discovery material, neither does it expressly prohibit the trial court form entering such an order pursuant to its discretionary authority. United States v. Campagnuolo, 592 F.2d 852 (5th cir. 1979). In exercising its discretionary authority, the learned trial judge indicated that judicial efficiency and trial simplicity were the primary factors undergirding his decision to require the government to furnish the voluminous documents to the defendants. The Court notes however that at no time were the defendants denied access to the questioned documents and there was no showing that the defendants would in any

> way be prejudiced by their having to assume the cost and time involved to copy the requested documents. In fact, the government had already made the defendant's selection of which documents to copy less complicated and burdensome by categorizing the mass of material.

Likewise, in this case, the government has segregated some documents is intends to use at trial and provided unlimited access to the discovery. The defendant is more than financially sound to bear the burden of the cost of copies of documents.

Wherefore, the undersigned requests the court deny the defendant's motion for return of property.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: ______________________
LYNN D. ROSENTHAL
Assistant United States Attorney
Florida Bar No. 343226
500 East Broward Blvd.
Suite 700
Fort Lauderdale, Florida 33394
Tel: (954)356-7255

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 26th day of April, 2000 to: Peter Aiken, 1209 Southeast Third Ave., Fort Lauderdale, Florida 33316 and E. David Rosen, 2400 South Dixie Highway, Suite 105, Miami, Florida 33133

______________________
Lynn D. Rosenthal
Assistant United States Attorney