UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          )    CASE NO.00-6063-CR-FERGUSON(s)
                                  )
                                  )
                                  )
v.                                )
                                  )
                                  )
MARC FREEDMAN and                 )
IAN GEORGE HARRIS,                )
                                  )
        Defendants.               )    **GOVERNMENT'S OPPOSITION TO**
_____)      **DEFENDANT'S MOTION FOR BILL OF**
                                       **PARTICULARS**

The United States of America opposes defendant Freedman's Motion for Bill of Particulars and states as follows:

Quite simply, the defendant is requesting the government provide civil discovery or otherwise the government's entire case to the defendant prior trial. The law does not provide for such a remedy and as such, the motion should be denied.

As to each of the seven (7) demands made, the defendant is requesting specific amounts or numbers that he alleges would assist him in preparing for trial. However, this is not an evasion case. The defendant has been charged with filing false income tax returns. Therefore, the exact numbers may not be determined until trial. To the extent that the types of falsity are at issue, the government has provided a detailed description of those falsities in the Indictment and during the discovery conferences.

This Circuit has long held that the denial of a bill of particulars rests within the sound discretion of the district court and can be reversed by the appellate court only upon

demonstration that the defendant was actually surprised at trial and thus incurred prejudice to his substantial rights by the denial. <u>United States v. Diecidue,</u> 603 F.2d 535, 563 (5th Cir. 1979). The <u>Diecidue</u> case was used to support the denial of a motion for bill of particulars in <u>United States v. Wilson,</u> 647 F.2d 534 (5th Cir 1981), a tax evasion case where the government had introduced into evidence only one asset which was not reflected in the documents exchanged before trial, specifically the cash on had at the beginning of 1973.

In this case, the defendant has been provided with all the documents that will be used to prove the defendant's filing of false tax returns. Moreover, the defendant has been told the theory of the government's case and is aware that, but for the statements made by witnesses, he is in possession of all documents the government will use at trial to prove the false tax return.

Therefore, the United States requests this court to deny the defendant's motion.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LYNN D. ROSENTHAL
Assistant United States Attorney
Florida Bar No. 343226
500 East Broward Blvd.
Suite 700
Fort Lauderdale, Florida 33394
Tel: (954)356-7255

2

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by hand this 16th day of June, 2000 to: Peter Aiken, 1209 Southeast Third Ave., Fort Lauderdale, Florida 33316 and E. David Rosen, 2400 South Dixie Highway, Suite 105, Miami, Florida 33133

Lynn D. Rosenthal
Assistant United States Attorney

3